UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

PLUMBERS & STEAMFITTERS LOCAL 400
HEALTH FUND, PLUMBERS &
STEAMFITTERS LOCAL 400 EDUCATION
FUND, PLUMBERS & STEAMFITTERS
LOCAL 400 AND MCA OF NORTH
CENTRAL WISCONSIN PENSION FUND and
PLUMBERS & STEAMFITTERS LOCAL 400
APPRENTICE FUND,

                 Plaintiffs,
     vs.                                      Case No. 21-cv-____

SCHNEIDER & SCHNEIDER
MECHANICAL, INC.,

                 Defendant.
_____

# COMPLAINT
_____

**NOW COME** the plaintiffs by their attorneys, Reinhart Boerner Van Deuren s.c., by Philip R. O'Brien and Malinda J. Eskra, and as and for causes of action against the defendant, Schneider & Schneider Mechanical, Inc. ("S & S"), allege and show to the Court the following:

<u>JURISDICTIONAL AND FACTUAL ALLEGATIONS</u>

1. Jurisdiction of this Court is founded upon section 301(a) of the Labor Management Relations Act of 1947, as amended (29 U.S.C. § 185(a)), and section 502 of the Employee Retirement Income Security Act of 1974 (29 U.S.C. § 1132) ("ERISA") and that the plaintiffs are aggrieved by S &S's violation

of certain collective bargaining agreements, trust plans and trust agreements, and S & S's continued refusal to submit contributions in accordance with the terms of those plans and agreements, thereby violating the provisions of ERISA, the terms and provisions of the employee benefit plans, section 301 of the Labor Management Relations Act of 1947, the federal common law and the common law of the State of Wisconsin.

2. Venue is proper in this Court under ERISA section 502(e)(2) (29 U.S.C.§ 1132(e)(2)), because the funds are administered in this federal district and the breaches giving rise to this action took place in this federal district.

3. Plaintiffs Plumbers & Steamfitters Local 400 Health Fund, Plumbers & Steamfitters Local 400 Education Fund, Plumbers & Steamfitters Local 400 and MCA of North Central Wisconsin Pension Fund, Plumbers & Steamfitters Local 400 Apprentice Fund (the "Funds"), are employee benefit plans within the meaning of ERISA sections 3(1), (2), (3) and (37), 502 and 515, as amended by the Multi-Employer Pension Plan Amendments Act of 1980, PL. No. 96-364, section 306 (codified as amended at 29 U.S.C.§§ 1002(1), (2), (3) and (37), 1132 and 1145), and bring this action on behalf of the trustees, participants and beneficiaries of said Funds. The Funds maintain offices at 11270 West Park Place, Suite 950, Milwaukee, Wisconsin 53224.

4. S & S is a domestic corporation organized under the laws of the State of Wisconsin, with its principal place of business located at 414 South County Road

W, Mt. Calvary, Wisconsin 53057. Its registered agent for service of process is William J. Schneider, W3441 Schumacher Road, Malone, Wisconsin 53049.

5.  Defendant S & S is an employer and party-in-interest in an industry affecting commerce within the meaning of ERISA sections 3(5), (11), (12) and (14) (29 U.S.C.§§ 1002(5), (11), (12) and (14)) and the Labor Management Relations Act of 1947 (29 U.S.C.§ 151, *et seq*.).

6.  For all times relevant, Defendant S & S was a party to and agreed to abide by the terms of the collective bargaining agreements between the Mechanical Contractors Association of North Central Wisconsin, Inc.("the Association") and the United Association of Journeymen & Apprentices of the Plumbing & Pipefitting Industry of the United States and Canada, Local Union No. 400 ("Local 400") by authorizing the Association "as its collective bargaining representative for all matters contained in this agreement or pertaining to this agreement." Local 400 represents, for purposes of collective bargaining, certain employees of defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of sections 2(5), 9(a) and section 301(a) of the Labor Management Relations Act of 1947 (29 U.S.C.§ 151, *et seq*.). The Letter of Assent between the Association and Local 400 was signed by S & S on July 29, 2003. (Attached hereto as Exhibit A.) The current collective bargaining agreements covering the allegations set forth in this complaint commenced on May 29, 2017 and expired on May 30, 2021, and the latest agreement commencing on May 31,

2021 with an expiration date of May 27, 2023. (Attached hereto as Exhibits B and C, respectively.)

7. By adoption of said collective bargaining agreements, defendant S & S adopted the trust agreements and amendments thereof which establish and govern the funds and are necessary for their administration, and designated as its representatives on the Board of the Trustees, such trustees as have been named and appointed pursuant to said trust agreements, together with their successors selected in the manner provided in such trust agreements, and thereby ratified all actions already taken or to be taken within the scope of their authority.

8. By virtue of adopting the collective bargaining agreements and adopting and assenting to all the terms and provisions of the trust agreements, and the rules and regulations heretofore and hereafter adopted by the trustees of said trust Funds, defendant S & S has agreed as follows:

(a) to file monthly reports and make timely and prompt contributions to the plaintiff Funds for each employee covered by the aforementioned labor agreements;

(b) to designate and accept as its representatives the trustees named in the Declaration of Trust and their successors;

(c) to adopt and abide by all of the rules and regulations adopted by the trustees of the Funds pursuant to the trust agreements;

(d) to adopt and abide by all of the actions of the trustees in administering the Funds in accordance with the trust agreements and the rules so

adopted; and

      (e)    to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent contributions, actual attorneys' fees, audit fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions, interest and liquidated damages.

9.    Defendant S & S has failed to perform its obligations pursuant to the terms and conditions of the collective bargaining agreements and trust agreements by, although not necessarily limited to, the following:

      (a)    failing to make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreement and trust agreements for all of S & S's covered employees; and

      (b)    failing to accurately report employee work status to the Funds.

10.    ERISA section 502(g)(2), as amended by the Multi-Employer Pension Plan Amendments Act of 1980 (section 306(g)(2)) provides:

> In any action under this title by a fiduciary for or on behalf of a plan to enforce section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan--
> A.    the unpaid contributions,
> B.    interest on the unpaid contributions,
> C.    an amount equal to the greater of--
>     i.    interest on the unpaid contributions, or
>     ii.    liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A),
> D.    reasonable attorneys' fees and costs of the action, to be paid by the defendant, and

E. such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1954.

*See* 29 U.S.C. § 1132(g)(2).

11. ERISA section 515 provides:

Every employer who is obligated to make contributions to a multi-employer plans under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or agreement.

*See* 29 U.S.C. § 1145.

12. Article XV of the Collective Bargaining Agreements negotiated by the Association and Local 400, and adopted by and assented to by defendant S & S, provides that S & S is bound by the terms of the Funds' trust agreements and by the rules, regulations and plans adopted by the Funds' trustees.

13. The Funds' trust agreements, and in particular the Funds' delinquent collection policy and procedure, authorizes the trustees to establish rules and regulations providing for liquidated damages to be added to any delinquent contributions, to take legal action to collect unpaid contributions, interest and liquidated damages, and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer. (The Delinquent Collection Policy and Procedure is attached hereto as Exhibit D.)

14. Pursuant to the Collective Bargaining Agreements and the delinquency collection procedure, the trustees of the Funds have established rules governing delinquencies which provide that the delinquent employer, in the case of legal actions to collect delinquencies, shall be liable for the delinquent collection amount, interest on the unpaid contribution amount calculated at 1.5% per month, liquidated damages in the amount of 20% of the delinquency (or such higher percentages as may be permitted under federal or state law), and all costs of recovery, including, but not limited to, attorneys' fees and costs of prosecution of the legal action.

15. Despite demands that defendant S & S perform its statutory and contractual obligations, the plaintiff Funds have ascertained that said defendant has failed, neglected, omitted and refused to make those payments. To the best of their knowledge, based on audit results covering the period January 1, 2020 through December 31, 2020, the Funds are informed and believe that defendant S & S is now indebted to the plaintiff Funds at minimum for delinquent contributions in the amount of $6,266.40 as well as interest ($656.21) and liquidated damages ($531.36) assessed for late payment of contributions. (The audit results setting forth the amounts due and owing are attached hereto as Exhibit E.)

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT S & S: VIOLATION OF ERISA SECTION 515

16. As and for a first claim for relief against defendant S & S, the plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 15 above and incorporate the same as though fully set forth herein.

17. Defendant S & S has failed to timely and wholly contribute amounts that the trustees have determined are necessary to maintain the Funds' benefits to participants and members employed by S & S for labor work during the audited work months of January 2020 through December 2020.

18. Defendant S & S, as a result, presently owes the Funds $7,453.97 for contributions, interest and liquidated damages assessed for late payment of contributions identified in the audit results covering for the work months of January 2020 through December 2020, inclusive.

19. Despite repeated requests by the Funds, defendant S & S has failed to pay the balance of its required contributions to the Funds on behalf of said employees, which are necessary to maintain the Funds' benefits, as required by the collective bargaining agreement and the trust agreements.

20. As a result of defendant S & S's failure to timely make its contributions as noted above to the Funds in accordance with the collective bargaining agreement, the defendant has violated ERISA section 515 (29 U.S.C. § 1145), and the Funds are entitled to damages as set forth in ERISA section 502(g)(2) (29 U.S.C. § 1132(g)(2)).

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
## S & S:
## BREACH OF TRUST AGREEMENT RULES
## UNDER FEDERAL COMMON LAW

21. As and for a second claim for relief against defendant S & S, the plaintiff Funds reallege each and every allegation contained in paragraphs 1 through 20 above and incorporate the same as though fully set forth herein.

22. Defendant S & S is a party to and bound by the Funds' trust agreements. The trust agreements obligate the defendant to make timely contribution payments to the Funds as required by the collective bargaining agreement. The delinquency collection procedure of the trust agreement authorizes the trustees to establish rules and regulations establishing reasonable interest and liquidated damages to be added to delinquent contributions. The delinquency collection procedure of the trust agreement further provides that the trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

23. As a result of its failure to make contributions in accordance with the collective bargaining agreement, defendant S & S has violated the terms of the trust agreements. Based upon the trust agreements and the Funds' delinquency rules, the defendant is liable to the Funds for delinquent contributions, interest, liquidated damages, and the expense of collection incurred by the Fund in bringing this action, including reasonable attorneys' fees and costs.

24. Because defendant S & S has failed to make timely and prompt contributions in the amounts due for the work months in question, some of the Funds' beneficiaries and participants could have eligibility terminated and benefits reduced for which they would otherwise qualify. These beneficiaries and participants would be left without an adequate remedy at law and would suffer severe and irreparable harm if said defendant is not mandatorily compelled to comply with its collective bargaining agreement and enjoined from further breaches.

25. The Funds fear that defendant S & S could be disposing of assets and diverting them to the benefit of other creditors who are not protected by the trust created by Wisconsin Statutes section 779.02(5) and federal common contract law, to the prejudice of the Funds, and could also be losing substantial amounts of money. This would make a money judgment a nullity, and as such would be an inadequate remedy at law.

27. The Funds have been damaged as set forth above due to the misappropriation of the amounts owed to the Funds.

**WHEREFORE**, the plaintiff Funds demand the following relief:

1. Judgment on behalf of the plaintiff Funds and against defendant S & S:

    (a) For $6,266.40, representing contributions due for the audit work months covering calendar year 2020;

(b) For interest in an amount of $656.21 and liquidated damages in an amount of $531.36 as a result of the failure to timely pay contributions to the Funds for the audited period of January 1, 2020 through December 31, 2020, pursuant to ERISA and the terms of the collective bargaining agreement, the trust agreements and the applicable Funds' delinquency rules;

(c) For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the collective bargaining agreement, the trust agreements and the applicable Funds' delinquency rules; and

(d) For unpaid contributions, interest and liquidated damages becoming due and/or arising after the commencement of this lawsuit through the date of judgment.

2. For such other, further or different relief as the Court deems just and proper.

Dated this 27th day of July, 2021.

Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 1700
Milwaukee, WI 53202
414-298-1000

/s/ **Philip R. O'Brien**
Philip R. O'Brien
WI State Bar ID No. 1015549
pobrien@reinhartlaw.com
Malinda J. Eskra
WI State Bar ID No. 1064353
meskra@reinhartlaw.com
Attorneys for the Plaintiff Funds